IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KILLER JOE NEVADA, LLC

      Plaintiff,

v.

DOE 1,

      Defendants.

CIVIL ACTION NO.
1:13-cv-1527-JEC

**ORDER & OPINION**

This matter is presently before the Court to resolve an issue that has arisen regarding the possibility that plaintiff is continuing to take discovery as to unnamed Doe defendants who were severed from the action and whose cases were dismissed without prejudice.

**BACKGROUND**

The plaintiff brought this copyright action, as well as eleven (11) other essentially identical actions in this district (the "Killer Joe cases"), against anonymous defendants identified only by their internet protocol ("IP") addresses. In its complaint, plaintiff asserts that the unnamed defendants "acted in a collective and interdependent manner" to unlawfully reproduce and distribute plaintiff's copyrighted work, "Killer Joe." (Compl. [1] at ¶ 4.)

Plaintiff filed a motion to take discovery prior to a Rule 26(f) conference because plaintiff asserted that the only way to obtain the actual names of the alleged infringers was by subpoenaing third-party Internet Service Providers ("ISPs"), who keep the names associated with the IP addresses as part of their regular course of business. (Pl.'s Mot. for Leave (Pl.'s Mot.") [2] at 8.)

The Court initially granted plaintiff's motion for discovery, issuing an Order to that effect on May 8, 2013. It later, however, raised, *sua sponte*, the issue of whether the unnamed defendants were properly joined under FED. R. CIV. P. 20. (May 28 Order [4] at 2.) Specifically, in its May 28, 2013 Order, the Court found that the unnamed defendants had not been properly joined and for that reason, it severed all of the John Does, except for the first one, and dismissed the complaint against these other Does without prejudice. (*Id.* at 11.) Plaintiff was instructed that he could re-file an action against each John Doe, but must do so separately as to each defendant and designate the new actions as "related" to the severed action. (*Id.*)

On June 14, an Atlanta-area attorney, Blair Chintella, contacted the Court's deputy clerk to alert the Court that potential clients had recently contacted him regarding the Killer Joe cases. (See

2

Attachment #1, Letter from attorney Blair Chintella.)[1] This attorney provided the Court with a copy of a letter sent by the ISP to his potential client. (Comcast Letter, Attachment #2.) The letter from the ISP was dated June 12, 2013 and attached the subpoena it received, which was dated May 20; the letter does not indicate when the subpoena was sent. The attachment to the letter also shows that the person identified was John Doe #25, not John Doe #1, in this action.

After this initial communication with the Court, the attorney received two more e-mails from potential clients on June 14 and provided redacted versions of these e-mails to the Court. (Attachments #3 and #4.) Both of these e-mails indicate that the potential defendants only recently received these notices from their ISPs regarding the subpoenas. One e-mail indicates the specific case involved, *Killer Joe Nevada, LLC v. John Doe 1,* Civ. No. 1:13-01492, and that the potential defendant received notice from his ISP on June 13, 2013. The other e-mail is silent about both of these facts. Neither e-mail indicates which number John Doe the senders of the e-mails were.

---

[1] The letter's date of May 13, 2013 is apparently a typo. The Court assumes the correct date was June 13, 2013.

3

**DISCUSSION**

As noted in the Court's previous order, this present litigation is part of a wave of litigation around the country in which copyright holders attempt to assert claims against many unknown defendants by joining them into a single action.  (May 28 Order [4] at 2.) Unfortunately, before the Court focused on the misjoinder problem, and then severed and dismissed Does 2-57, it had granted the plaintiff's motion for leave to take discovery in order to subpoena the names of the individuals identified by the IP addresses associated with the alleged copyright infringement. (*See* May 3 Order [3].)  Obviously, now that this first order has been vacated and Does 2-57 have been severed and dismissed without prejudice, (May 28 Order [4]), the subpoenas are null as applied to these John Does.

The recent information provided by Mr. Chintella concerns the Court.  Although the correspondence and e-mails do not conclusively show that subpoenas were being sent after May 28, at the least, they strongly suggest that plaintiff has yet to contact the ISPs to inform them of the Court's decision nullifying all subpoenas except for those directed at John Doe #1.  For these reasons, the Court **REMINDS** the plaintiff that discovery should have been discontinued and rescinded as to all defendants who were severed and dismissed.  The Court **DIRECTS** the plaintiff to **immediately** contact the ISPs in each case to rescind and withdraw previously-issued subpoena for each such

4

defendant. Further, any information that plaintiff may have obtained through these subpoenas must be returned.

Plaintiff shall ensure that this information is communicated to each ISP by **June 25, 2013** and shall report back to the Court by **July 1, 2013**, providing copies of these letters to each ISP, as well as a report as to its compliance with this Order.

### CONCLUSION

For the above reasons, plaintiff is **DIRECTED** to notify each ISP that the previously-issued subpoenas are no longer valid, except as to the first John Doe. Any information that plaintiff may have obtained through these previously-issued subpoenas must be returned. Plaintiff shall ensure that this information is communicated to each ISP by **June 25, 2013** and shall report back to the Court by **July 1, 2013**, providing copies of these letters to each ISP, as well as a report as to its compliance with this Order.

SO ORDERED, this 18th day of June, 2013.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE